**UNGER, Plaintiff-Appellee, v. CHAVES, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22582.   Decided February 16, 1953.

R. A. Robbins, Louis Lanza, Cleveland, for plaintiff-appellee.
Critchfield & Wolkoff, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.:

This appeal comes to this court on questions of law and fact. The action is one in specific performance. The plaintiff entered into a contract on September 12, 1950, to purchase a house and lot from the defendant located at 3874 Antisdale Avenue, South Euclid. Ohio. The purchase price was to be $18,200.00, the plaintiff giving the defendant a check on his commercial account with the Cleveland Trust Company for $500.00 as a down payment.

On September 27, 1950, the defendant, through her counsel, prepared signed and delivered by mail to the plaintiff escrow instructions setting forth in detail the obligations of each of the parties to the transaction. These instructions provided that the escrow was to be carried out by the Land Title Guarantee & Trust Company, the transaction to be consummated December 15, 1950.

On November 8, 1950, the defendant, through her counsel, wrote the following letter to the plaintiff:

"                                                   Nov. 8, 1950

Under date of September 27, 1950, escrow instructions in connection with premises located at 3874 E. Antisdale So. Euclid, Ohio, belonging to Mrs. Esther Chaves were mailed to your attorney, Mr. Bertram Robbins. In view of the fact that we never received properly executed copy of said instructions, and since no escrow has been established, in behalf of my client, Esther Chaves, I am rejecting your offer for purchase of said premises and returning your check dated Sept. 14, 1950, in the sum of $500.00.

Very truly yours
Maurice Wolkoff"

The plaintiff's petition alleges the contract of September 10, 1950, and the terms upon which the property was to be purchased, were contained in the escrow agreement of September 27, 1950. He further alleges that he has performed all of his obligations imposed upon him by the purchase agreement and was then and still is ready, willing and able to perform all and singular the terms and conditions on his part to be performed; that the defendant has refused and still refuses to execute a warranty deed to him or in any other way carry out her obligation under the said agreement to sell plaintiff the house and lot located at 3874 Antisdale Avenue. The petition then prays for specific performance and asks $10,000 damages for delay in defendant's performance of the contract.

The answer of the defendant admits ownership of the property at 3874 Antisdale Avenue; alleges that there was no binding contract between the parties to convey said property to the plaintiff; denies that plaintiff performed the conditions on his part to be performed; denies that he had the necessary money to complete the agreement.

By way of affirmative defense the defendant alleges that the written agreement was too vague and indefinite to be performed and that the plaintiff was guilty of laches in failing to commence escrow proceedings.

The defendant further denies that plaintiff has been damaged. The evidence of the plaintiff is that he signed the contract and escrow instructions; that he had $7,800.00 in the Cleveland Trust Company and owned a residence, free and clear of all incumbrances known as 1148 East 114 Street and $1,000.00 in cash, which he used for business purposes; that the defendant asked him not to put the money up until November 15th, because she did not want to pay him rent and that he signed the escrow agreement in his lawyer's office and further that he procured the approval of a real estate loan for $12,000.00 on the two properties from The Central National Bank of Cleveland whereby he was at all times prepared to pay the full purchase price of the property.

The defendant's evidence was to the effect that she did not receive a copy of the escrow instructions signed by the plaintiff and that between September 28, when she signed the escrow instructions and November 8th, when she authorized her lawyer to send the letter withdrawing the property from the market she made any requests for the plaintiff to put up the required money with the escrow agent which request was not complied with; that the reason she withdrew from the transaction was the failure of plaintiff to deposit his money with the escrow agent and that at no time did she request the plaintiff to withhold the deposit until November 15th.

There is no evidence in the record that the defendant ever signed a deed for the property or deposited such deed with the escrow agent.

It is the first contention of the defendant that the memorandum is not sufficient to make out an enforcible contract. Such contention might be successfully argued as to the writing signed on September 10, 1950, which provided as follows:

" 9/10/50

Received of Louis Unger, deposit of $500.00 toward purchase of residence at 3874 E. Antisdale. Sale price $18,200.00, which includes all fixtures, carpeting, drapes. House is to be clear of any liens or mortgages. Possession by buyer by Dec 15, 1950. It is understood there are no realty agents involved in this deal.

Esther Chaves."

But, after the signing of this writing the defendant, through her lawyer, prepared escrow instructions which covered every detail of the agreement. The defendant signed these instructions and mailed it to the plaintiff's lawyer. These two papers when put side by side, show without the aid of parol evidence that they refer to the same transaction, and together make a complete and sufficient memorandum of all the terms of the sales agreement between the parties.

In the case of **Thayer v. Luce & Fuller, 22 Oh St 62,** the Supreme Court had for consideration almost the identical question here present. Thayer's agreement to purchase did not contain the description of the property involved. On the day such memo was signed, the defendant signed a deed which contained the description, the plaintiff inspecting such deed and approving it although it was not delivered. The first two paragraphs of the syllabus provide:

"(1) Several writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract required, by the statute of frauds, to be in writing and signed by the party to be charged therewith.

"(2) If some only of such writings be so signed, reference must be specifically made therein to those which are not so signed; but if each of the writings be so signed, such reference to the others need not be made, if, by inspection and comparison, it appear that they severally relate to or form part of the same transaction."

We must conclude therefore that a complete memorandum signed by the party to be charged was made sufficient to take the case out of the statute of frauds and was in all respects an enforcible agreement.

It is further claimed by the defendant that the plaintiff was not only in default in making the necessary money deposit

with the escrow's agent and in failing to return the signed escrow agreement promptly, but also failed to tender performance and keep such tender good upon description of the property involved. On the day such memo was signed. the defendant signed a deed which contained the description, the plaintiff inspecting such deed and approving it although it was not delivered. The first two paragraphs of the syllabus provide:

"(1) Several writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract required, by the statute of frauds. to be in writing and signed by the party to be charged therewith.

"(2) If some only of such writings be so signed, reference must be specifically made therein to those which are not so signed; but if each of the writings be so signed, such reference to the others need not be made, if, by inspection and comparison, it appear that they severally relate to or form part of the same transaction."

We must conclude therefore that a complete memorandum signed by the party to be charged was made ·sufficient to take the case out of the statute of frauds and was in all respects an enforcible agreement.

It is further claimed by the defendant that the plaintiff was not only in default in making the necessary money deposit with the escrow's agent and in failing to˙ return the signed escrow agreement promptly, but also failed to tender performance and keep such tender good upon the filing of this action. It is also claimed that the petition does not allege a tender of performance and therefore does not state a cause of action.

The contract was entered into September 10, 1951. The escrow agreement was mailed to the plaintiff by defendant September 28th. It provided the transaction was to be consummated on December 15th. No time was fixed for the plaintiff to make the necessary deposit of money with the escrow agent, or. for the defendant to deposit his deed. All that would or could be required under the contract was that both parties act within time so that the transaction could be closed on the day fixed. There is not one word of evidence that at the time the defendant withdrew her property from the market and notified the plaintiff she would not proceed with the sale, there was then insufficient time to carry out the terms of the contract. We can conceive of no reason why the purchaser should be required, without some provision of the contract declaring it, to lose the use of his money far in advance of the time necessary to fully carry out his obligations under the agreement. Certainly the de-

fendant felt no obligation on her part, up and until she mailed her withdrawal from and repudiation of the transaction, to prepare and file her deed with the escrow agent.

Where one party to a contract commits an anticipatory breach, there is thereafter no obligation on the other party when seeking specific performance, to tender performance of his obligations as a condition precedent to his right to maintain such action. The refusal of the seller to be further bound under his contract makes a tender of performance unnecessary and all that is required of the party not in fault is to show that he is ready, willing and able to perform or that he will be when time for performance arrives. The Supreme Court in **Brock v. Hidy, 13 Oh St 306** said in the second paragraph of the syllabus:

"(2) As a general rule, a vendee of land, seeking to enforce a specific performance by the vendor, must tender or bring into court the amount due on the purchase money; but where the vendor denies the obligation of the contract, attempts to rescind it, resumes possession of the land, and is in the receipt of the rents and profits thereof, he may maintain his action without such tender."

See also, **Whitacre v. Hoffman, 50 Abs 493, 79 N. E. (2d) 373;** Pomeroy's Specific Performance, 3rd Ed., page 721, paragraph 326, page 763, paragraph 361.

In **George Wiedemann Brewing Company v. Maxwell, 78 Oh St 54,** the Supreme Court said in the second paragraph of the syllabus:

"(2) The general rule is that a party seeking specific performance of a contract must show performance on his part, yet there are clearly defined exceptions and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to then and there perform his part communicated to the other party and accompanied with a demand of compliance by such other party, is sufficient compliance without an actual formal tender."

We hold, therefore, that the allegations of the petition stated a cause of action and that there is substantial uncontradicted evidence in support of each material allegation.

This leaves but one question. was the plaintiff ready, willing and able to carry out his obligations to purchase defendant's property under the terms of the sales agreement? Upon this point the evidence is sufficient to show that he was financially able to meet his obligations and will be able to pay the purchase price when ordered to do so under a decree of specific performance.

We find, however, that there is no evidence supporting plaintiff's claim for damages in defendant's failure to consummate the transaction on the day provided by the agreement. The plaintiff's prayer for damages is therefore dismissed.

A decree may therefore be entered for specific performance as prayed for. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.