**LYON, Plaintiff-Appellant, v. JACKSON et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2325. Decided April 18, 1955.

6

Robert J. Stoecklein, Pickrel, Schaeffer & Ebeling, by William H. Selva, of Counsel, Dayton, for plaintiff-appellant.

Schlafman & Elliott, Fairborn, by Jack Elliott, of Counsel, for defendant-appellee, Mabel G. Jackson.

## OPINION

By THE COURT:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court of Montgomery County, rendered in favor of the defendant.

The matter is submitted to this Court de novo on the petition, the fourth answer and cross-petition of the defendant, the reply of the plaintiff, and by stipulation of counsel on the evidence taken below.

Plaintiff prays for a decree for specific performance of a land contract of sale. The defendant, Jackson, in her answer admits signing a certain written contract relating to the real estate, but denies all other allegations in the petition, and further alleges that at the time of the execution of the contract she was of unsound mind. Plaintiff's reply was a general denial. All questions with respect to an accounting, and damages, were reserved by the court below and are reserved by this Court.

Before the issues were made by the pleadings one Merrill was made a party defendant. Two months before the Lyon contract was executed Merrill had entered into a written contract with Jackson whereby she agreed to sell the same real estate to him. Merrill filed an answer and cross-petition seeking a decree of specific performance of his contract of sale.

At the trial, after plaintiff rested, Merrill put on his case. During cross-examination Merrill took the position that he would not force Jackson, who was a neighbor, to convey the real estate to him against her will. This development resulted in a default judgment against Merrill on his answer and cross-petition, a default judgment in favor of plaintiff against Merrill, and a default judgment in favor of Jackson against Merrill. At this juncture the court sustained plaintiff's motion "to strike all testimony of Merrill, insofar as it relates to the issues between the plaintiff, Lyon, and the defendant, Jackson." By the stipulation of counsel and submission of this case, this Court is required to pass on the admission and exclusion of evidence. We would be disposed to consider this evidence, but we do not now reverse the ruling for the reason that Merrill later was called as a witness by Jackson and was examined extensively both on direct and cross examination on the matters at issue between Lyon and Jackson.

During trial motions were made to strike certain parts of the evidence on which the court reserved its judgment. We overrule such motions and allow the evidence to stand. On page 419 of the record, the trial court ruled that parol evidence of prior conversations and declara-

tions bearing on the provisions of the written contract of sale would be admitted only for the purpose of determining the question of incompetency of defendant, Jackson. On the issues made, if there was an ambiguity in the written contract, parol evidence was admissible. The defendant contends that there is an ambiguity in the written contract, with which we agree. The evidence was admissible not only on the issues of incompetency, but also to resolve any ambiguity.

On the question of tender, the evidence shows that defendant, upon receiving a letter from the plaintiff that he would exercise his option to purchase the house and garage, immediately by letter repudiated the contract. The plaintiff definitely requested the performance and showed a readiness and ability to perform, and the defendant just as definitely repudiated the contract. Under these facts, the plaintiff is not required to make an actual tender. **George Wiedeman Brewing Co. v. Maxwell, 78 Oh St 54, 84 N. E. 595.** Because of defendant's anticipatory breach, an actual tender by the plaintiff was not a condition precedent to his right to maintain the action. **Unger v. Chaves, 69 Abs 45.**

The equitable principle which permits relief on the ground of mutual mistake has no application here. The evidence does not show a mutual mistake.

The defendant contends that she only intended to rent or lease the acreage with certain outbuildings, and that the option to purchase the house and garage should not be exercised until after the expiration of three years. There was substantial evidence presented which lends support to this contention. The parol evidence, instead of resolving any ambiguity, only adds to the confusion. The court could very well find that there was no meeting of the minds. Regardless of the fact that the contract is in writing and signed by the defendant, certain of its terms are ambiguous, and are left incomplete and uncertain. A discussion of these provisions would unnecessarily lengthen this opinion, and serve no useful purpose. A court of equity will decree specific performance only where the terms of the contract are free from doubt or ambiguity. In **Vol. 37, O. Jur., page 28, Section 21,** it is stated:

"Specific performance will not be decreed where the terms of the contract are indefinite as to any material feature to be performed by either party, or if they are left open for future determination by the parties, or if they are so uncertain or equivocal in their meaning that the intention of the parties in regard thereto cannot be determined. Specific performance can not be decreed where the contract does not itself furnish a standard by which performance is to be determined, or where the terms are so indefinite as to require parol evidence to determine the duty which such decree of performance would impose on the defendant. It is the contract as the parties have made it and in its precise terms, and not otherwise, of which the court decrees performance. Any other performance would not be specific. When the court determines what the contract is that it has specifically to enforce, it does so by determining what the parties have agreed to. If the parties do not understand it alike, or if the court cannot determine what they intended to do, then it is the universal rule that the court will not enforce the contract. The court has no power, and assumes to exercise

8

none, to change the terms of a contract of which specific execution is decreed."

On the issues of incompetency, we consider all the evidence as admissible, and overrule all motions to strike. There was expert testimony presented to the effect that the defendant, Jackson, at the time of the execution of the contract, was mentally ill; that she had delusions and hallucinations; that a short time thereafter she was placed in the care of a psychiatrist and confined in the Miami Valley Hospital; that within a few weeks thereafter she was adjudged mentally ill by the probate court of this county, and confined in the Dayton State Hospital. True, a couple of years thereafter, she was adjudged competent by the probate court, but the validity of the contract must be determined by the competency or incompetency of the defendant on the date of its execution. Two psychiatrists testified that at that time she was suffering from paranoia. One expert witness testified that her judgment was impaired in her relationship with other persons. This witness testified that the defendant would be able to discharge the customary and usual responsibilities of life, but that in a transaction of this nature her judgment was affected. On a factual basis this case is distinguishable from **Fissel v. Gordon, 83 Oh Ap 349, 83 N. E. (2d) 525.**

We recognize that the burden of proof rests on the defendant to show by clear and convincing evidence that at the time of the execution of the contract she was incompetent. **Willis v. Baker, 75 Oh St 291, 79 N. E. 466; Laymon v. Bennett, 75 Oh Ap 233, 61 N. E. (2d) 624.** We have no difficulty in finding that the defendant has sustained the burden of proof.

Judgment for defendant.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.